## MacNeill Estate

*Dilworth, Paxson, Kalish, Kohn & Dilks*, for accountants and Margaret K. Hoffman and Neale Mac-Neill, 3rd, individually.

*William N. J. McGinniss*, for widow.

TAXIS, P. J., April 24, 1959.—The first and final account of Margaret K. Hoffman, Neale MacNeill, 3rd, and Harry T. Gandy, administrators, was examined and audited by the court on March 2, 1959. . . .

A question requiring adjudication by the court has been submitted concerning the proper distribution of a 1957 income tax refund. Prior to decedent's death he and his wife had filed joint income tax returns. After his death the administrators joined with decedent's surviving spouse and filed a joint income tax return for decedent's last life period, i.e., from January 1, 1957, to December 8, 1957, the date of decedent's death. All of the reported income reflected on the return had been received by decedent; all of the tax paid had been withheld by decedent's employer from his weekly wages. After audit of the return the Federal government refunded an overpayment of tax in the amount of $688.98. After endorsement by the surviving spouse, the check covering the refund was deposited in the estate account. The question presented is: Does such a refund belong exclusively to the surviving spouse, or does it belong to the estate of decedent, or should it be divided between the surviving spouse and decedent's estate?

I am of the opinion that these funds belong exclusively to the estate of this decedent. A similar but distinguishable case was considered in Green Estate, 14

D. & C. 2d 595, where it was held that an income tax refund made after the death of the husband on a joint return filed by the husband and wife during the husband's lifetime belongs to the wife as the surviving tenant by the entireties. The court reasoned that the refund represented a liquidation of a chose in action, which, during the lifetime of decedent and his wife, was held by them as tenants by the entireties. In the Green case, prior to his death in 1955, Green and his spouse had filed a joint declaration of estimated tax for the year 1955; during the course of that year joint payments had been made on the basis of the declaration. Judge Bolger's opinion indicates that the joint action of Green and his wife in filing the estimated return and in making the joint payments during his lifetime was decisive in that it created an estate by the entireties in any possible refund, which, upon the death of Green, passed to his surviving spouse. The decisive facts present in the Green case are absent from the present case.

In the present case, however, the joint return was filed after the death of decedent by his administrator jointly with the wife. Therefore it was impossible for the husband to have given his wife a joint interest in this refund and the refunded taxes which initially were withheld from the husband's earnings remained his individual property. The refund is therefore properly includable in decedent's estate. . . .

### Opinion sur Exceptions

Taxis, P. J., July 31, 1959.—Four exceptions have been filed to the adjudication of this court dated April 24, 1959, by counsel for Florence L. MacNeill, widow of the above decedent. All exceptions pertain to the ruling of the auditing judge that the sum of $688.98 representing a refund of overpayment of Federal income tax belongs to the estate of decedent as opposed to his widow. The tax had been withheld from dece-

dent's wages by his employer and the refund was made on the basis of a joint tax return filed after the death of decedent by his surviving spouse and the administrators of decedent's estate.

Whether one spouse creates a tenancy by the entireties in Federal income tax payments, and a fortiori any refunds of these payments, either withheld from his earnings or paid by him pursuant to declaration of estimated income tax, is entirely a matter of intention as evidenced by the conduct of the husband or wife during their joint lifetimes. See Fiduciary Review, July 1959.

The auditing judge ruled that under the circumstances as then presented to him no such intention to create a tenancy by the entireties was evidenced by decedent, and that the act of the administrator and the spouse in filing a joint return after the death of decedent could not create a tenancy by the entireties in these tax payments. However, exceptant has submitted additional facts which establish that for several years preceding the death of this decedent, he and his wife had filed joint returns. In addition, exceptant has obtained a photostat of decedent's form W-4 "Employee's Withholding Exemption Certificate" executed in 1945 and in effect at the time of this decedent's death. In this form decedent claimed two exemptions, one for himself and one for his wife, thus indicating that decedent intended to file a joint return with his spouse. Counsel for the other parties have agreed that this document be made a part of the record.

In light of these additional facts, this court agrees with counsel for exceptant that decedent by his conduct during his lifetime evidenced an intention that these income taxes withheld from his salary were in effect a deposit in a joint account of both spouses accumulated for the purpose of paying taxes on a joint return.

484

Hence, as in Green Estate, 14 D. & C. 2d 595, where the court found that filing of the joint declaration of estimated income tax and payment of two quarterly payments thereon constituted evidence of an intention to create a tenancy by the entireties in these payments, so here decedent by his conduct has indicated a similar intention.

Accordingly the ruling of the auditing judge in this regard is hereby reversed, and the claim of the widow, Florence L. MacNeill, for the $688.98 representing the refund of overpayment of income tax, is hereby allowed.

And now, July 31, 1959, exceptions 1 to 4 inclusive are hereby sustained and in all other respects the adjudication of April 24, 1959, is hereby confirmed absolutely.